IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMMY LEROY McMURRAY,

      Plaintiff,

v.                                                                                          No. CV 10-0321 MCA/LAM

BILL CHALTRY--ADMINISTRATOR, et al.,
JUDY SANCHEZ--MANGER [sic]/NURSING,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is confined in a state medical facility, appears pro se, and has moved for leave to proceed in forma pauperis. For the reasons below, the Court will dismiss the complaint.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

      The complaint alleges that Defendant Chaltry ordered a "shakedown" of the facility where

Plaintiff is confined. During the shakedown, Defendant Sanchez took a few items of personal property from Plaintiff's room. He asserts that Defendants' actions have caused him mental anguish and violated his rights under the First, Fifth, and Eighth Amendments to the Constitution. The complaint seeks "ten monetary billion dollars" in damages.

Plaintiff's allegations do not support a First Amendment claim. He does not allege a violation of speech or religious rights, nor does he allege retaliation for constitutionally protected activity. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). "An inmate claiming retaliation must 'allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights.' " *Id.* (quoting *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990)). Plaintiff's First Amendment claim will be dismissed.

Nor do Plaintiff's allegations support an Eighth Amendment claim. Official confiscations of stamps and "m3p players" simply do not amount to "deprivations denying 'the minimal civilized measure of life's necessities' . . . sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 347 (1981)). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Court will dismiss Plaintiff's Eighth Amendment Claim claim.

No relief is available on Plaintiff's allegation that Defendant Chaltry's order to conduct a shakedown constituted racial discrimination. Because this claim is based on "insufficient conclusionary statements," *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980); *Frazier v. DuBois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990), regarding a single incident, Plaintiff's allegations do not support an "inference of unlawful discrimination," *Elmore v. Capstan, Inc.*, 58 F.3d 525, 532 (10th

Cir. 1995) (quoting *Sanchez v. Philip Morris Inc.*, 992 F.2d 244, 247 (10th Cir. 1993)).  Plaintiff makes no allegation that the shakedown was "not reasonably related to a legitimate goal," *Bell v. Wolfish*, 441 U.S. 520, 539 (1979), and courts should not become "enmeshed in the minutiae of [confinement] conditions."  *Id*. at 562.  This claim will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE